Filed 8/11/22  In re Viehmeyer CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ROBBIE R. VIEHMEYER<br><br>on Habeas Corpus. | G059162<br><br>(Super. Ct. No. 02CF2946)<br><br>O P I N I O N |

Original proceedings; petition for writ of habeas corpus after a judgment of the Superior Court of Orange County, Richard F. Toohey, and Cheri T. Pham, Judges. Petition denied.

Robbie R. Viehmeyer, in pro. per.; Sylvia W. Beckham, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra and Rob Bonta, Attorneys General, Phillip J. Lindsay, Assistant Attorney General, Amanda J. Murray and Rachael A. Campbell, Deputy Attorneys General, for Respondent.

\*          \*          \*

Robbie R. Viehmeyer filed a petition for writ of habeas corpus in this court, contending he is eligible for early parole consideration under subdivision (a) of section 32 to article I of the California Constitution (section 32(a)).  For the reasons set forth in this opinion, we deny the petition.

Proposition 57, the Public Safety and Rehabilitation Act of 2016, added section 32 to article I of the California Constitution.  Section 32(a) provides that "[a]ny person convicted of a nonviolent felony offense" shall be eligible for early parole consideration "after completing the full term for his or her primary offense."  Pursuant to subdivision (b) of section 32 to article I of the California Constitution, the California Department of Corrections and Rehabilitation (CDCR) adopted regulations to implement section 32(a).  One of those regulations excludes from early parole consideration any inmate "currently convicted of and is sentenced to a term of incarceration for a 'violent felony,' including a term for which a violent felony sentence was stayed under Penal Code section 654," and then defines violent felony as "a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code."  (Cal. Code Regs., tit. 15, § 3490, subds. (a)(5), (c).)

In *In re Mohammad* (2022) 12 Cal.5th 518, 524 (*Mohammad*), the California Supreme Court held that the CDCR acted within its authority in adopting the regulations to implement section 32(a).

While being pursued on foot by two police officers, Viehmeyer fired a semiautomatic pistol four times directly at the head of one of the officers.  Viehmeyer was convicted of attempted voluntary manslaughter with an enhancement for personal use of a firearm, assault with a firearm on a peace officer with enhancements for personal use and personal discharge of a firearm, possession of a firearm by a felon, and the unlawful taking of a vehicle.  For purposes of sentencing, the trial court selected assault with a firearm on a peace officer as the primary offense.  Viehmeyer has served the full term for the primary offense, which section 32(a) defines as "the longest term of

imprisonment imposed by the court for any offense, excluding the imposition of an enhancement." Viehmeyer remains incarcerated on the sentences imposed on the personal discharge of a firearm enhancement, the counts for possession of a firearm and unlawful taking of a vehicle, and the sentencing enhancements for prior convictions. Additionally, Viehmeyer's sentence for attempted voluntary manslaughter with a firearm use enhancement was imposed but stayed.

We hold that where a defendant is convicted of both a violent felony and a nonviolent felony, and the nonviolent felony is the primary offense for purposes of sentencing, the defendant is not entitled to early parole consideration under section 32(a) after completing the full term for the primary felony offense if he or she is still serving a term for the violent felony offense. Section 3490, subdivision (a)(5) of title 15 of the California Code of Regulations provides that a defendant is "sentenced to a term of incarceration for a 'violent felony'" if "a violent felony sentence was stayed under Penal Code section 654." Therefore, Viehmeyer is not entitled to early parole consideration, and we deny his petition for writ of habeas corpus.

I

FACTUAL AND PROCEDURAL BACKGROUND

The facts regarding Viehmeyer's crimes are drawn from our prior opinion *People v. Viehmeyer* (Apr. 8, 2005, G033447) [nonpub. opn.]:

"On November 7, 2002, Santa Ana Police Officers William Sweet and Robert Ayres saw Viehmeyer, who was driving a 1983 Chevrolet Monte Carlo, make an illegal U-turn. While Viehmeyer was making the U-turn, the car stalled in the curb lane. A private citizen got out of his own car and helped push defendant's car out of the traffic lanes. Officer Sweet then pulled his patrol car up behind defendant's car and began pushing defendant's car with the patrol car. As the officers were pushing defendant's car toward a gas station, they were informed over the police radio that the car defendant was

3

driving had been reported stolen. The officers decided to wait for additional police units to arrive before attempting to arrest defendant.

"When the officers stopped pushing defendant's car, defendant 'immediately' opened his driver's side door and got out of the car. Officers Sweet and Ayres exited the patrol car; Officer Sweet drew his gun and ordered defendant to get back in the car. Defendant told the officers he had run out of gas, looked back at Officer Sweet, and reached into the car. Defendant then turned around and ran across the street and into the parking lot of a nearby strip mall. Both officers began chasing defendant, yelling, 'stop, police.'

"Defendant turned around, pulled a gun from his waistband, reached over his shoulder, and fired two rounds from a .380-caliber semiautomatic pistol directly at Officer Sweet's head. At the time, defendant was approximately 70 feet away from the officers. They returned defendant's fire. Defendant fired two more shots at Officer Sweet's head. Defendant's gun then jammed, and he threw it to the ground and raised his hands.

"Defendant was arrested. Eight .380-caliber bullets were found in a coin purse he was carrying. A pipe used for smoking methamphetamine was found in defendant's jacket.

"Defendant testified that while being arrested in 1999 pursuant to a search warrant, he had been beaten by the police and severely bitten by a police dog. Defendant testified he ran from Officers Sweet and Ayres because he was 'scared,' and 'because I don't trust police officers, for one thing, for what they did to me in the past. I thought for sure, if they find this [gun] on me, they know I've got a lawsuit going against them [for the injuries suffered during the 1999 arrest], they were just going to beat me up again and laugh at me.' Defendant had been abusing methamphetamine for 10 months before the incident. Defendant testified he shot in the direction of the officers with the intent to

4

scare them and get them to stop chasing him, but he did not intend to kill them." (*People v. Viehmeyer*, *supra*, G033447.)

Viehmeyer was convicted by a jury of attempted voluntary manslaughter (Pen. Code, §§ 192, subd. (a), 664, subd. (a) (count one)), assault with a firearm on a peace officer (Pen. Code, § 245, subd. (d)(1) (count two)), possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1) (count three)),[1] and unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a) (count four)). The jury found true the sentencing enhancement allegations that Viehmeyer had personally used a firearm in the commission of counts one and two (Pen. Code, § 12022.5, subd. (a)), and personally discharged a firearm in the commission of count two (Pen. Code, § 12022.53, subds. (a), (c)). The trial court found true the allegations that Viehmeyer had served two prior prison terms. (Pen. Code, § 667.5, subd. (b).)

The trial court sentenced Viehmeyer to a determinate term of 31 years four months. The court selected count two as the principal term and imposed the upper term of eight years, plus a 20-year enhancement for personally discharging a firearm in the commission of the crime. The court imposed the upper term of five years six months for count one and 10 years for the personal use of a firearm sentencing enhancement but stayed execution of this sentence pursuant to Penal Code section 654. The court also imposed consecutive subordinate terms of eight months for counts three and four, and two one-year enhancements for the prior prison terms. Viehmeyer has served more than 17 years on his prison sentence.

---

[1] Penal Code former section 12021, subdivision (a)(1), which was in effect at the time Viehmeyer's offenses occurred, provided: "Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country, or of an offense enumerated in subdivision (a), (b), or (d) of Section 12001.6, or who is addicted to the use of any narcotic drug, who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." (Stats. 2003, ch. 495, § 3.)

5

Viehmeyer challenged his convictions and his sentence in a direct appeal. In an unpublished opinion, a panel of this court affirmed the judgment. (*People v. Viehmeyer*, *supra*, G033447.)

Viehmeyer requested a parole suitability hearing pursuant to Proposition 57 and *In re Mohammad* (2019) 42 Cal.App.5th 719 (see *Mohammad*, *supra*, 12 Cal.5th 518 [reversed]). Viehmeyer's request was denied. In April 2020, Viehmeyer filed a petition in the trial court for writ of habeas corpus, which was also denied.

Viehmeyer then filed a petition for writ of habeas corpus in this court. After this court issued its opinion denying Viehmeyer's petition, the California Supreme Court granted Viehmeyer's petition for review. The Supreme Court transferred the case back to this court after it issued its opinion in *Mohammad*, *supra*, 12 Cal.5th 518. Both Viehmeyer and the Attorney General filed supplemental briefs.

II

DISCUSSION

In November 2016, the California electorate approved Proposition 57, the Public Safety and Rehabilitation Act of 2016, which added section 32 to article I of the California Constitution: "(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law: [¶] (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense. [¶] (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence. [¶] (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and

6

approved rehabilitative or educational achievements. [¶] (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety." (Cal. Const., art. I, § 32.)

Pursuant to section 32, subdivision (b) of article I of the California Constitution, the CDCR adopted regulations addressing parole considerations for nonviolent offenders. (Cal. Code Regs., tit. 15, §§ 3490-3497.) As relevant to this opinion, these regulations include the following:

"(a) An inmate is a 'determinately-sentenced nonviolent offender' if the inmate was sentenced to a determinate term and none of the following are true: [¶] . . . [¶] (5) The inmate is currently convicted of and is sentenced to a term of incarceration for a 'violent felony,' including a term for which a violent felony sentence was stayed under Penal Code section 654; [¶] . . . [¶] (c) 'Violent felony' is a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code. [¶] (d) 'Primary offense' means the single crime for which any sentencing court imposed the longest term of imprisonment, excluding all enhancements, alternative sentences, and consecutive sentences." (Cal. Code Regs., tit. 15, § 3490, subds. (a)(5), (c), (d).)

In *Mohammad*, *supra*, 12 Cal.5th 518, having considered the language of the constitutional provision and the ballot materials for Proposition 57, the California Supreme Court upheld the CDCR's regulations. "We therefore conclude that the [CDCR] acted within its discretion when it promulgated section 3490, subdivision (a)(5) of the California Code of Regulations excluding individuals currently serving a sentence for a violent felony from early parole consideration. This conclusion, however, is not a determination that the Department's regulation is the most plausible of the various interpretations offered. Because the Department is vested with the authority to adopt regulations in this context, we need only conclude that its regulation is a valid exercise of its rulemaking authority." (*Mohammad*, at p. 541.)

7

Because the petitioner in *Mohammad* did not contest that he was currently serving a term for committing a violent felony, after concluding the CDCR's regulation was valid, the Supreme Court concluded the petitioner's request for early parole consideration had been properly denied. (*Mohammad*, *supra*, 12 Cal.5th at p. 541.)

In the present case, Viehmeyer contends he is not "currently serving" a term for a violent felony because the prison term for his conviction for attempted voluntary manslaughter with a firearm use enhancement—which Viehmeyer concedes is a violent felony offense—is stayed.[2]

In determining early parole eligibility, section 32(a) provides that "the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subd. (a)(1)(A).)

The current language of the relevant regulation provides that an inmate is not "'a determinately-sentenced nonviolent offender'" if "[t]he inmate is currently convicted of and is sentenced to a term of incarceration for a 'violent felony,' *including a term for which a violent felony sentence was stayed under Penal Code section 654*." (Cal. Code Regs., tit. 15, § 3490, subd. (a)(5), italics added.)

The italicized language was added to the CDCR's regulations effective February 28, 2022. (Cal. Code Regs., tit. 15, § 3490, Register 2022, No. 9 (Feb. 28, 2022), pp. 75-76.) Viehmeyer asks this court not to consider the newly revised regulation because the Supreme Court transferred the matter for reconsideration in light of *Mohammad*, which was decided before the regulation was amended. We reject Viehmeyer's request. (See generally *20th Century Ins. Co. v. Garamendi* (1994) 8

---

[2] Viehmeyer also contends that the firearm discharge enhancement attached to the primary term for assault with a firearm on a peace officer cannot be considered for purposes of early parole consideration. Because our conclusion with regard to the imposed but stayed term of imprisonment is dispositive, we need not address this issue.

Cal.4th 216, 281-282 ["'"Secondary" retroactivity' occurs when regulations 'affect[] the *future* legal consequences of past transactions . . . .' [Citation.] That is indeed present. '[B]ut such "'secondary' retroactivity" is an entirely lawful consequence of much agency rulemaking and does not by itself render a rule invalid.' [Citation.] That it is an '*entirely* lawful consequence' means just that: it does not itself offend any law, including the United States and California Constitutions and their respective due process clauses"].)

Viehmeyer also argues that the Attorney General previously asked this court to "refrain from looking beyond the regulation governing nonviolent parole eligibility" and not to "apply any alternative-eligibility analysis that the [CDCR] did not adopt." Considering the current language of the relevant regulation is not a matter of looking beyond the regulation or applying an analysis not used by the CDCR.

On count one, attempted voluntary manslaughter (Pen. Code, §§ 192, subd. (a), 664, subd. (a)), with a sentencing enhancement allegation for personally using a firearm (Pen. Code, § 12022.5, subd. (a)), the trial court imposed and stayed a total term of 15 years six months. Under Penal Code section 667.5, subdivision (c)(8), "any felony in which the defendant uses a firearm which use has been charged and proved as provided in . . . Section 12022.5" is a violent felony. Therefore, under the CDCR's regulations, Viehmeyer is serving a term for a violent felony despite that term being stayed. He is therefore not eligible for early parole consideration, and the denial of his request for early parole consideration was proper.

### III

### DISPOSITION

The order to show cause is discharged and the petition for writ of habeas corpus is denied.


                                                            MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.